UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

    Plaintiff,

v.

S<small>AM</small> P<small>ALAZZOLA</small>,

    Defendant.

                                    /

Case No. 19-20235

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

**O<small>RDER</small> D<small>ENYING</small> D<small>EFENDANT'S</small> M<small>OTION FOR</small> R<small>ELEASE FROM</small> C<small>USTODY</small> [65]**

Defendant, Sam Palazzola, has been indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He has been detained at St. Clair County Jail pending trial. Defendant now moves to be released to home confinement in light of the dangers posed by the COVID-19 pandemic. The motion is fully briefed, and the Court finds the motion suitable for determination without a hearing pursuant to Local Rule 7.1(f)(2).

**B<small>ACKGROUND</small>**

Palazzola was arrested on October 15, 2018 and charged with Conspiracy to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841. Following a hearing on October 17, 2018, Magistrate Judge Elizabeth A. Stafford ordered Defendant detained pending trial. She found that no condition or

combination of conditions could reasonable assure the safety of the community or Defendant's appearance as required. (ECF No. 19). The Magistrate Judge found that a rebuttable presumption of detention applied to Defendant's case under 18 U.S.C. § 3142(e)(3) because there was probable cause to believe that Defendant committed an offense for which a maximum term of 10 years or more is prescribed under the Controlled Substances Act.

The Magistrate Judge additionally found several factors militating against pretrial release or bond. Among them were the weight of the evidence against Defendant, his prior criminal history, his participation in criminal activity while on probation, parole, or supervision, his history of substance abuse, his lack of stable employment, his lack of stable residence, his prior failure to appear in court, and his prior attempts to evade law enforcement. (ECF No. 19).

Palazzola remained incarcerated, and he was indicted for being a felon in a possession of a firearm on April 17, 2019. (ECF No. 34). His trial is currently scheduled for July 7, 2020. (ECF No. 67).

## STANDARD OF REVIEW

When a Defendant is ordered detained pending trial, he may move to revoke or amend the detention order pursuant to 18 U.S.C. § 3145(b). The district court's review is *de novo*. *United States v. Cureton*, No. 12-20287, 2013 WL 4496276, at *1 (E.D. Mich. Aug. 21, 2013). Courts making detention determinations should

analyze the particular characteristics and circumstances of the defendant according to the factors of the Bail Reform Act in order to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). Even where the § 3142(g) factors weigh against release, a defendant may still be released under § 3142(i) if the Court "determines such release to be necessary for preparation of the person's defense or for another compelling reason." § 3142(i)(4). Defendants bears the burden of demonstrating circumstances warranting temporary release. *United States v. Henry Clark*, No. 19-40068-01, 2020 U.S. Dist. LEXIS 51390, at *4 (D. Kan. Mar. 25, 2020).

## ANALYSIS

Palazzola has moved to amend his detention order so that he can remain in home confinement pending his trial. He has not demonstrated how he has become less of a danger or less of a flight risk since his initial detention hearing. The § 3142(g) factors still militate against a finding that "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(g).

The first factor is "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance,

firearm, explosive, or destructive device." § 3142(g)(1). Palazzola was indicted for illegally possessing a firearm, and so the first factor militates against release. The second factor is "the weight of the evidence against the person." § 3142(g)(2). This factor concerns "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). A grand jury found that there was probable cause that Defendant possessed a firearm. As recently as 2016, Palazzola was convicted of assault with a dangerous weapon and domestic violence. He has demonstrated neither that he was not a danger to the community in 2018 nor that he has reformed his ways since then.

The third factor is the "history and characteristics" of Defendant. § 3142(g)(3). The Court therefore looks to his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A). Most of these factors weigh against release. Defendant has no verified income, employment, or assets. (Pretrial Services Report pg. 2). He had been a transient since he was last released from jail. (*Id.* at 1). He has a lengthy history of substance abuse and at least 13 felony convictions, ranging from before he was 20 to after he was 40. (*Id* at 3-10). He also had a warrant from the 72nd District Court of Port Huron, Michigan, for failure to appear, at the time of his arrest.

(*Id*. at 3). He was brought into custody on a bench warrant for failure to appear in both 2015 and 2017. (*Id*. at 8-9; *see also* ECF No. 19, pg. 3). Further, § 3142(g)(3) asks if the defendant was on probation or parole at the time of his arrest for the instant crime. At the time of his arrest in October of 2018, Palazzola was on probation for his March 28, 2018 domestic violence conviction. (*Id*. at 10).

The fourth factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(4). Palazzola's recent criminal history has demonstrated a tendency towards recidivism. After considering the § 3142 factors, the Court finds that there is no condition or set of conditions that could reasonably assure that Palazzola would report to his trial or that he would refrain from criminal activity.

The pandemic does nothing to change this analysis. § 3142(i)(4) allows a judicial officer to temporarily release a defendant where "such release [is] necessary for preparation of the person's defense or for another compelling reason." Some district courts have used a four-part test to determine whether COVID-19 qualifies as a compelling reason for release. That test is as follows.

> (1) the original grounds for the defendant's pretrial detention,
> (2) the specificity of the defendant's stated COVID-19 concerns,
> (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and
> (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020) (citing *Clark*, 2020 U.S. Dist. LEXIS 51390, at *4).

While this four-factor test is not binding, the Court finds it helpful to organize the merits and demerits of Palazzola's motion. Looking to first of these factors, the Court notes that the original grounds of Palazzola's pretrial detention were his dangerousness and flight risk. Looking to the second factor, Palazzola does not appear to have very specific reasons to fear COVID-19. The Government observes that Defendant is 44 years-old and described his own health as good at a January 21, 2020 medical screening. A December 3, 2020 medical screening also found Defendant in good physical health. Consistent with this Palazzola's sister described his health as good to his probation officer in 2018. (Pretrial Services Report, pg. 3). Palazzola notes that he was admitted to local hospitals for bleeding in his stomach and esophagus, but he has long been discharged. He therefore does not meet the high-risk criteria outlined by the Center of Disease Control that he cited. CDC, Groups at Higher Risk for Severe Illness. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Palazzola is neither in a long-term care facility nor meets any of the other criteria.

As to the third and fourth factors, though Palazzola fears that he will become a victim of the pandemic in jail, he has not articulated how his safety will be improved outside of jail. Michigan is currently subject to a state-at-home order, but

Palazzola has not designated a home in which he would stay. At the time of his arrest, Palazzola was staying at the house of a codefendant. The Magistrate Judge noted that Palazzola "has been transient for years." (ECF No. 19, pg. 3). If Palazzola is forced to move between temporary residences or group homes, he may very well end up in more danger of exposure—and exposing others—than if he were to remain in jail.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Release from Custody [65] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
| | s/Arthur J. Tarnow |
| | Arthur J. Tarnow |
| Dated: April 27, 2020 | Senior United States District Judge |