UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAM PALAZZOLA,

        Defendant.

                          /

Criminal Case No. 19-20235

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY BASED ON CHANGED CIRCUMSTANCES [81]**

Defendant, Sam Palazzola, was indicted on April 17, 2019 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (ECF No. 34). He has been detained pending trial since October 2018. (ECF No. 19). On April 16, 2020 Palazzola moved for release from custody in light of changed circumstances—namely, the COVID-19 pandemic and its risk to his health. (ECF No. 65). The Court denied Palazzola's Motion [65] without a hearing on April 27, 2020. (ECF No. 70). On July 21, 2020, Palazzola filed an amended Motion for Release from Custody Based on Changed Circumstances. (ECF No. 81). After receiving briefing from both Palazzola and the Government, the Court conducted a hearing on the Motion [81] on August 18, 2020. (ECF No. 86).

## BACKGROUND

Palazzola was arrested on October 15, 2018 pursuant to a criminal complaint charging him with Conspiracy to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841 (ECF No. 1; ECF No. 23). On October 17, 2020, Magistrate Judge Elizabeth A. Stafford found that a rebuttable presumption of detention applied to Palazzola under 18 U.S.C. § 3142(e)(3). (ECF No. 19). She further found that no condition or combination of conditions could reasonably assure Palazzola's appearance and the safety of the community, as required by 18 U.S.C. 3142(g). (*Id.*). Consequently, she ordered Palazzola detained pending trial. (*Id.*). Palazzola has remained incarcerated and was indicted for being a felon in possession of a firearm on April 17, 2019. (ECF No. 34).

## STANDARD OF REVIEW

A defendant ordered detained pending trial by a magistrate judge may move to revoke or amend their detention order pursuant to 18 U.S.C. § 3145. "The court's review of the magistrate judge's prior conclusion . . . is *de novo*." *United States v. Calhoun*, No. 18-20820, 2020 U.S. Dist. LEXIS 72714, at *2 (E.D. Mich. Apr. 24, 2020) (citing *United States v. Cureton*, No. 12-20287, 2013 U.S. Dist. LEXIS 118478, 2013 WL 4496276, at *1 (E.D. Mich. Aug. 21, 2013)).

The Bail Reform Act requires that a defendant be detained pending trial if "no condition or combination of conditions will *reasonably assure* the appearance of the

person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1) (emphasis added). To make this determination, courts look to the factors in 18 U.S.C. § 3142(g).

Even where the § 3142(g) factors initially weigh against release, however, there are two circumstances under which a court may nevertheless order release. First, a court can reassess the § 3142(g) factors if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). And second, a court can order release independent of the § 3142(g) factors if "such release [is] necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); *see United States v. Clark*, No. 19-40068-01-HLT, 2020 U.S. Dist. LEXIS 51390, at *5 (D. Kan. Mar. 25, 2020) (citing *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013)) (explaining that "[t]he defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)").

## **ANALYSIS**

Because the Court already weighed the § 3142(g) factors in analyzing Palazzola's first Motion for Release from Custody [65], its analysis here will focus

on the extent to which Palazzola's circumstances have changed since the Court's previous Order [70]. Palazzola's first Motion [65], filed in the early days of the pandemic, sought relief purely on the grounds "the heightened risk of contracting coronavirus . . . while in confinement." (ECF No. 65, PageID.362). Palazzola's second Motion [81], the one at issue here, seeks relief in light of the fact that Palazzola now has stable residency for home confinement that was not previously available to him. (ECF No. 81, PageID.618). Specifically, the home of his brother, who may also be able to provide him with stable employment at a construction company. (ECF No. 81, PageID.619; Pretrial Services Status Memo (Sept. 16, 2020)). As a preliminary matter, the Court finds that this offer of stable residency "was not known to [Palazzola] at the time of [his first two] hearing[s] and . . . has a material bearing on the issue whether there are conditions of release that will reasonably assure [his] appearance . . . and the safety of any other person and the community." 18 U.S.C. § 3142(f). It is thus appropriate for consideration.

Palazzola's history of homelessness was of serious concern to the Court in its April 27, 2020 Order [70], which concluded by finding that Palazzola had failed to "articulate[] how his safety will be improved outside of jail." (ECF No. 70, PageID.415). Specifically, the Court explained that because Palazzola had no home to reside at, "he may very well end up in more danger of exposure—and exposing others—than if he were to remain in jail." (ECF No. 70, PageID.416). Consequently,

although Palazzola's newly uncovered housing and employment prospects do not change the Court's analysis as to the first two § 3142(g) factors—"the nature and circumstances of the offense charged," § 3142(g)(1), and "the weight of the evidence against the person," § 3142(g)(2)—they do change the Court's analysis of the rest of the § 3142(g) factors.

The third factor to be considered in determining whether release is appropriate is "the history and characteristics of the person." 18 U.S.C. § 3142(g)(3). In considering this factor previously, the Court noted, among other things, that Palazzola "has no verified income, employment, or assets" and that "he had been a transient since he was last released from jail." (ECF No. 70, PageID.413). These issues no longer weigh against Palazzola's release. Moreover, Palazzola, who was struggling with a methamphetamine addiction prior to his arrest, has undergone a major detox since being incarcerated in October 2018. (ECF No. 81, PageID.623). If released, Palazzola's family would be able to help him remain clean and would report any violations of his bond conditions to Pretrial Services. Thus, despite Palazzola's criminal record, the Court finds that § 3142(g)(3) tends to favor release.

The fourth factor to be considered is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Back when he had no home to be released to and was struggling with symptoms of methamphetamine withdrawal, Palazzola may have posed a

danger to the community upon release. Now, however, with a stable residence at which he can reside and family members willing to help him stay out of trouble—conditions that Palazzola has not had the benefit of for many years—the Court finds that § 3142(g)(4) tends to favor release.

Whether Palazzola should be released pursuant to the § 3142(g) factors is, admittedly, a close question. The first two factors tend to favor detention, while the second two factors tend to favor release. Ultimately, however, the Court is persuaded that home confinement at the residence of Palazzola's brother is a newly available condition that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004) (noting that the Bail Reform Act does require a "guarantee[]" but rather only reasonable assurance); *see also United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (explaining that, under 18 U.S.C. § 3142(f), "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community").

Because the Court finds that release is appropriate under § 3142(e), it declines to reach the issue of whether temporary release is also appropriate under § 3142(i).

Accordingly,

**IT IS ORDERED** that Palazzola's Motion for Release from Custody Based on Changed Circumstances [81] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Duty Magistrate Judge execute Palazzola's bond papers at Duty Court within 24 hours of the filing of this Order.

**IT IS FURTHER ORDERED** that Palazzola comply with the following conditions of release:

> **The defendant shall undergo a strict fourteen-day quarantine upon his release and shall fully comply with any applicable state or local stay-at-home orders, social distancing guidelines, or other public health restrictions.**
>
> **Home Detention. The defendant must reside at the address provided to pretrial services and not change residences without prior permission. The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer. The defendant's travel is restricted to the Eastern District of Michigan unless the defendant receives the previous consent of the pretrial services office, supervising officer, or the court.**
>
> **The defendant must actively seek employment.**
>
> **The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including, but not limited to, co-defendants.**
>
> **The defendant must not possess a firearm, destructive device, or other dangerous weapons.**
>
> **The defendant must not use alcohol at all, nor use or possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**

**The defendant must submit to any testing required by the pretrial services office or supervising officer to determine whether the defendant is using a prohibited substance.**

**The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.**

**The defendant must participate in a mental health assessment and treatment program as directed by pretrial services.**

**SO ORDERED**.

Dated: September 18, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge